**LAYNE INTERNATIONAL, INC.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23596.

United States Court of Appeals
Ninth Circuit.

June 13, 1969.

George W. Ashford, Jr., Honolulu, Hawaii, (argued) for appellant; Jenks, Kidwell, Goodsill & Anderson, Honolulu, Hawaii, of counsel.

Robert V. Zener (argued), William D. Ruckelshaus, Asst. Atty. Gen., Ronald R. Glancz, Atty., Dept. of Justice, Washington, D. C., Yoshimi Hayashi, U. S. Atty., Honolulu, Hawaii, John F. Meadows, Admi. & Shipping Sec., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

Layne International, Inc. (Layne), brought this action against the United States to recover direct and consequential damages resulting from the loss of Layne's cargo when a United States Navy barge, carrying such cargo, capsized while being towed by a Navy tug. The jurisdiction of the district court was invoked under a provision of the Suits in Admiralty Act, 46 U.S.C. § 742 (1964), and the Public Vessels Act, 46 U.S.C. § 781 (1964). Judgment was entered for the United States and Layne appeals.

Insofar as here relevant, Layne predicated the liability of the Government upon the alleged negligence of personnel of the tug. Layne alleged that such personnel, after assertedly observing a list and trim down by the bow of the barge, (1) failed to inspect the barge to determine the cause of the list and trim down, and (2) failed to take any action to correct such condition.

Following a non-jury trial, the court entered a forty-six-page combined decision, findings of fact and conclusions of law. The trial court found that Captain Bender, who was in charge of the tug,

may have observed a perceptible change in list and trim of the barge during the sixteen-hour period immediately prior to the capsizing of the barge. But the court further found that, under the circumstances, any such change that Captain Bender may have noticed did not require him, in the exercise of reasonable care, to stop the tow in mid-ocean and have an inspection made to determine if gradual flooding of the barge was occurring. This being the case, the court found, Captain Bender was not negligent in failing to order corrective action to be taken in an effort to overcome gradual flooding.

Among the circumstances which the district court found excused Captain Bender of a charge of negligence for failing to order an inspection and corrective action were the following: (1) had any noticed change in list and trim of the barge been due to gradual flooding, this would have been, but was not, manifested by a considerable alteration in the roll characteristics of the barge, a tendency to tow erratically and to yaw, a progressive and pronounced change in trim during the sixteen-hour period in question, and a substantial variation in the maximum tension on the tow line; (2) had any noticed change in list and trim of the barge been due to gradual flooding there would have been a growing indication of a possible capsizing, whereas in fact the capsizing was drastic and happened almost instantaneously, indicating a probable massive break in the hull causing instant severe flooding; (3) the amount of observable change in list and trim was difficult to assess because the view of the aft section was obscured by cargo piled on the bow of the barge, because of the blowing of the polyethylene cover over the cargo, and because of the shifting shadows and lights while swells caused the barge to roll and pitch; (4) under these circumstances it was reasonable for Captain Bender to conclude that any change in list and trim he thought he observed was due to a shift in the salt gel cargo which did not require inspection or corrective action.

On this appeal Layne argues that these findings by the trial court are clearly erroneous.

The testimony pertaining to these matters, both eye-witness and opinion, was extensive and, to a considerable extent, in conflict. The exhaustive decision and findings of the trial court evidence a painstaking and perceptive analysis and evaluation of that evidence. In their briefs on appeal the parties call attention to all they can find in the evidence tending to support or undermine the trial court findings summarized above. Upon consideration of the entire record in the light of the arguments advanced by the parties we are not convinced that the trial court's findings are clearly erroneous.

Affirmed.